UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHARLES BRADFORD | CIVIL ACTION NO. 14-0496 |
| VERSUS | U.S. DISTRICT JUDGE JAMES |
| UNITED STATES, et al | U.S. MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is a Motion to dismiss, doc. #9, referred to me by the District Judge for Report and Recommendation.

This is a pro se suit by plaintiff concerning plaintiff's interest in property of his deceased mother which was foreclosed by the United States in a state court proceeding. Plaintiff seeks compensation for the value of the property and expenses he claims he spent in upkeep on the property. Following answer by the curator, Katz, summary judgment in favor of the United States was granted by the state court. Although Bradford was allowed to intervene into the state court action for the value of his alleged additions to the home and his upkeep expenses, his claims were expressly denied by the state court. That judgment is final, having been unsuccessfully appealed and writs having been denied by the Louisiana Supreme Court.

Plaintiff alleges fault on the part of the attorney appointed as curator for his deceased mother in the state court proceeding (Stephen J. Katz), the attorney allegedly hired to represent the succession (Robert Thomas Knight), and the United States and seeks damages.

Katz filed this motion to dismiss the suit in its entirety and, alternatively, to dismiss all

claims against Katz. Plaintiff has filed no opposition to the motion.

Defendant, Katz, moves to dismiss on the basis of FRCP 12(b)(1) for lack of jurisdiction.

FRCP Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court. Ramming v. U.S., 281 F.3d 161 (5th C. 2001). A claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Home Builders Assoc. Inc. v. Madison, 143 F.3d 1006 (5th C. 1998). Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. See Stockman v. Fed. Election Comm., 138 F.3d 144, 151 (5th C. 1998). A court may base its disposition of a motion to dismiss under Rule 12(b)(1)on the complaint alone, the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Robinson v. TCI/US West Comms., Inc., 117 F. 3d 900 (5th Cir. 1997).

It is undisputed that there is no diversity jurisdiction under 28 USC §1332 as the plaintiff and defendants Katz and Knight are residents of the state of Louisiana. Plaintiff also claims, however, that federal question jurisdiction exists under the following statutes: 28 USC §1346(f), 28 USC §1347, 28 USC §1357, and 28 USC §2410.

The first statute,  28 USC §1346(f), in conjunction with 28 USC §2409(a), (the Quiet Title Act) deals with actions to quiet title. Bradford here seeks only a money judgment and does not claim that the United States claims an interest in property he owns. The Quiet Title Act does not provide a basis for jurisdiction in this action.

The next statute, 28 USC §1347, provides for jurisdiction where a party is a joint tenant or tenant in common with the United States. Again, that is not the case here and the statute provides no jurisdictional basis for plaintiff's suit.

Next, plaintiff asserts that 28 USC §1357 provides a basis for jurisdiction. However, that statute concerns suits for damages where a plaintiff has acted to protect or collect revenues or to enforce the right of citizens to vote. It is inapplicable to this case.

Next, 28 USC §2410 which applies to action affecting property on which the government has a lien, is likewise inapplicable as the United States has no lien on property plaintiff claims because the foreclosure proceeding is final.

Finally, it appears that plaintiff's suit is merely an attempt to relitigate the claims which were fully litigated in state court. Therefore, the claims set forth are barred by res judicata.

Because this court has no subject matter jurisdiction in this case, it is not necessary to consider mover's alternative arguments under FRCP 12(b)(6).

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss be GRANTED and that this suit be dismissed as to all defendants[1], with prejudice.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

---

[1] Dismissal as recommended here will moot the motion to dismiss, doc. # 15, filed by defendant Knight.

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, July 22, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE